## M'MILLIN *vs.* CARLIN, CURATOR, &C.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, JUDGE LEWIS, OF THE DISTRICT, PRESIDING.

Where the defendant in an injunction, staying executory proceedings, joins issue, and prays for judgment for the amount of his debt; he thereby changes the proceedings from the *via executiva* to the *via ordinaria*, and cannot have the injunction dissolved with damages, so as to proceed with his seizure on his mortgage.

This suit commenced by injunction to stay an order of seizure and sale, which the defendant had obtained, and was proceeding to sell certain mortgaged property.

The pleadings on which the parties joined issue are fully stated in the opinion of the court.

On hearing the parties, the district judge dissolved the injunction as having been wrongfully obtained ; condemning the plaintiff and his sureties to pay ten per cent. interest on four hundred dollars, the amount of the debt ; and ten per cent. damages, and all costs; and that the sheriff proceed as if no injunction had been granted, and execute the order of seizure and sale. The plaintiff appealed.

*Dwight,* for the plaintiff, assigned various errors in the proceedings, and urged the reversal of the judgment.

*T. H. Lewis* and *Maskell,* for the defendant.

*Morphy J.,* delivered the opinion of the court.

Godfroy Carlin, as curator of Claire Allen, an interdicted person, took out an order of seizure and sale, on two promissory notes of three hundred and fifty dollars each, one payable on the 1st of April, 1836, and the other on the 1st of April, 1837, both bearing ten per cent interest per annum from their maturity ; but subject to a credit of fifty-five dollars, paid by the maker, John M'Millin, on the 1st of November, 1836. The latter enjoined the proceedings on various grounds, which it is unnecessary to notice. The defendant in injunction prayed in his answer for its dissolution, and for damages against plaintiff ; and one Walter Brashear, his surety on the bond. The plaintiff then filed a supplemental petition setting forth additional grounds in support of his injunction ; and to this second petition the defendant made an answer, in which he prays that he may have judgment against the plaintiff for the amount of the debt, with interest and costs, and that the property mortgaged may be seized and sold to satisfy such judgment.

M'MILLIN
vs.
CARLIN.

Where the defendant in an injunction, staying executory proceedings, joins issue, and prays for judgment for the amount of his debt; he thereby changes the proceedings from the *via executiva* to the *via ordinaria*, and cannot have the injunction dissolved with damages so as to proceed with his seizure or his mortgage.

On these pleadings the parties went to trial, whereupon the judge below dissolved the injunction, and decreed M'Millin his surety to pay damages.

It is obvious that the defendant, by praying for a judgment against his debtor, has changed the proceedings from the *via executiva* to the *ordinaria*, and no longer asks for the seizure and sale of the particular property mortgaged to satisfy his claim ; but he seeks to obtain such a judgment as he may cause to be executed on any other property belonging to his debtor, in case the proceeds of that specially mortgaged should prove insufficient. In some cases, a change in the character of the proceedings may be inferred, but in the present suit, it is expressly prayed for by the party. The executory process being thus voluntarily abandoned, the judge below should have proceeded to render judgment on the evidence adduced, as in an ordinary suit, and he has erred in decreeing damages on the injunction bond. It is evident he has also overlooked the credit of fifty-five dollars allowed the debtor in the petition for the seizure and sale of the property.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and proceeding to give such a judgment as, in our opinion, ought to have been rendered below : It is further ordered that Godfroy Carlin, in his aforesaid capacity, do recover of J. M'Millin seven hundred dollars, the amount of the two notes sued on, with interest thereon at the rate of ten per cent. per annum from their respective maturities ; allowing a credit of fifty-five dollars paid on the 1st of November, 1836, and that the premises mortgaged be seized and sold, to satisfy this judgment, with the costs in the court below, those of this appeal, be paid by the appellee.