### M'MILLEN *vs.* M'KEROLL ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

The defendant in injunction injoining his order of seizure and sale, changes the proceedings from the *via executiva* to the *via ordinaria,* when he prays for judgment against the debtor. In cases of this kind no damages should be allowed, and judgment must be given as in an ordinary suit.

This is an injunction case. The plaintiff sued out an injunc-

tion to restrain and injoin proceedings on an order of seizure and sale which had issued against a house and lot in the town of Franklin, which he had purchased the 6th March, 1837, at a sale made by order of the Court of Probates, to effect a partition between the said M'Keroll and the heirs of Peter A. Dejarnett, deceased. M'Millen purchased the premises for $3450, payable in three instalments, in April, 1837, 8, and 9, with ten per cent. interest from the time each became due until actually paid. On the 18th May, 1838, the first instalment of $1150, remaining unpaid, M'Keroll and others obtained an order of seizure and sale against the property which was injoined by the parish judge on the following grounds:

1. The plaintiff in injunction had no notice of the seizure.

2. There is no oath annexed to the petition for the order of seizure.

3. That this instalment is liable to offsets and credits not allowed.

4. Because the instrument sued on is a proces verbal and not an executory title.

5. No order of seizure can issue except on a title importing a confession of judgment.

6. The order is illegal and oppressive, being intended to harass and injure him.

He prays for an injunction to restrain all proceedings under said order, and also for judgment allowing him damages for the injury sustained. The injunction was granted by the parish judge, on the plaintiff giving his bond with security in the sum of $575.

The defendants filed a written motion to dissolve the injunction on the ground, among others, that the affidavit was insufficient, the facts not being positively stated under oath. They also allege the injunction was wrongfully sued out and should be dissolved with damages, &c. The plaintiff filed a supplemental petition setting forth some new circumstances, and reiterating his former allegations.

In March and April, 1839, the defendants filed two answers

WESTERN DIS. nearly the same in substance, denying the plaintiff's allegations
September,1841. generally, and pray that they have judgment for the amount
M'MILLEN claimed in the petition for the order of seizure, with mortgage
vs.
M'KEROLL ET AL. and privilege on the property therein mentioned; and that the
injunction be dissolved with full damages and interest according
to law for the wrongful suing out of the same.

Upon these pleadings and issues the cause was tried.

The district judge being of opinion that the injunction was
wrongfully sued out, gave judgment dissolving it with ten per
cent. interest on $3450 from the 23d June, 1837, until the day
of its dissolution; and also ten per cent. damages on the same
sum with costs, against the principal and surety in the injunc-
tion. The plaintiff appealed.

*Dwight*, for the plaintiff.

*Maskell & T. H. Lewis*, for the defendants in injunction.

*Morphy, J.* delivered the opinion of the court.

The defendants having sued out an order of seizure upon a
mortgage retained by them to secure the payment of the price
of a house and lot in the town of Franklin purchased by plain-
tiff, the latter injoined the proceedings on various grounds
which it is unnecessary to notice. The suit had been brought
for the first instalment of the price, amounting to $1150, which
had become due on the 1st of April, 1837, and which bore
interest at the rate of ten per cent. per annum. The defen-
dants made a written motion to dissolve the injunction, and
prayed for damages under the statute against plaintiff and his
surety. The plaintiff then filed an amended petition setting
forth additional grounds in support of his injunction. About
eighteen months after, the defendants put in an answer in which
they deny all the facts set forth in the original and amended
petitions, and pray that the injunction be set aside. They allege
that the plaintiff is really and truly indebted unto them in the
sum and in the manner set forth in their petition on which the

order of seizure issued, and that they are entitled to a privilege as vendors on the property therein described. They pray that they may have a judgment against the plaintiff for the aforesaid amount, and that the property mortgaged may be ordered to be seized and sold to satisfy their demand, together with costs; and they pray moreover for general relief.

On these pleadings, and more than two years after the injunction had issued, the parties went to trial. In the meantime two other instalments of the price having become due, the judge below dissolved the injunction, and decreed the plaintiff and his surety to pay to the defendants, ten per cent. per annum interest on $3450 from the 23d of June, 1837, to the day of the dissolution of the injunction, and ten per cent. damages on $3450, with costs of suit, and directed the sheriff to proceed as if no injunction had been obtained. Both plaintiff and his surety appealed.

It is clear that even had the trial below taken place on a motion to dissolve, and the court had thought proper to grant it and allow damages, they should have been awarded only on the amount due at the time the injunction was taken out. The obligation of the surety could not become more onerous pending the suit in consequence of the other instalments falling due; and the statute authorizes this penalty only in relation to the amount actually injoined. But it appears to us that this case is not to be distinguished from that reported in 16 La. Rep., 101, in which we held that a creditor who has sued out an order of seizure, changes the proceedings from the *via executiva* to the *ordinaria,* when he prays for a judgment against his debtor who has injoined his order of seizure. This he may sometimes consider it his interest to do ; if, for instance, he is apprehensive that the injunction may be sustained, he may prefer taking this course to avoid instituting another suit for the collection of his debt; or if he wishes to obtain a general mortgage on all the property of his debtor. In cases of this kind, no damages should be allowed, and judgment should be given as in an ordinary suit.

WESTERN DIS.
September, 1841.

M'MILLEN
vs.
M'KEROLL ET AL.

The defendant in injunction injoining his order of seizure and changes the proceedings from the *via executiva* to the *via ordinaria,* when he prays for judgment against the debtor. In cases of this kind no damages should be allowed, and judgment must be given as in an ordinary suit.

It is therefore ordered, adjudged and decreed that the judg-ment of the District Court be reversed; and proceeding now to give such judgment as, in our opinion, should have been rendered below: it is ordered and decreed that these defendants in injunction do recover of John P. M'Millen, the sum of eleven hundred and fifty dollars; with interest at the rate of ten per cent. per annum from the 1st of April, 1837, until paid, with costs below; those of this appeal to be borne by the appellees; and that the premises mortgaged may be seized and sold to satisfy this judgment.