## The Commonwealth *versus* Runk *et al.*

In a settlement made by the auditor-general and the state treasurer under the Act of 30th March, 1811, of the taxes due by a corporation, it is not necessary that a preliminary notice of the time of settling the account shall be given.

If the subsequent notice directed by the act be given, and no appeal be entered, the tax must be taken to have been rightly imposed.

The case of the Bank of Easton *v.* The Commonwealth, 10 *Barr* 412, affirmed.

Where the action is against the receivers of a corporation, judgment will be entered payable out of the corporate funds in their hands.

ERROR to the Common Pleas of *Bucks county.*

This was an amicable action of debt, in which the Commonwealth of Pennsylvania was plaintiff, and John Runk and others, receivers of the President and Managers of the New Hope and Delaware Bridge Company, were defendants.

The New Hope and Delaware Bridge Company was incorporated by acts of the legislatures of Pennsylvania and New Jersey, passed in 1812 and 1813. The last dividend made by the company was on the 1st October, 1836. An act was passed by the legislature of Pennsylvania on the 12th April, 1851, appointing the defendants receivers of the said company.

On the 24th of August, 1853, the auditor-general and state treasurer made the following settlement of the tax due the Commonwealth from this company:

The President and Managers of the New Hope and Delaware Bridge Company,

In account with the Commonwealth of Pennsylvania,　　DR.

For Tax on Capital Stock per 1st section of the Act of 11th June, 1840, and 33d section of the Act of 29th April, 1844,

To Tax on $25,000, one half of capital stock (the other half being allotted to the state of New Jersey), for the years 1841, 1842, and 1843, per Act of 11th June, 1840, and for the years 1844, 1845, 1846, 1847, 1848, 1849, 1850, 1851, and 1852, per Act of 29th April, 1844, the whole *estimated* agreeably to the 14th section of the act relating to public accounts, passed 30th March, 1811, twelve years, at $75 per annum,　-　$900 00

10 per cent. added to this sum, as authorized by the said 14th section of the Act of 30th March, 1811,　- -　90 00

Due Commonwealth,　　-　-.　　-　- $990 00

A certified copy of this account was sent by the auditor-general to the defendants on the 25th August, 1853, and received by them shortly after; no appeal was taken from this settlement.

No prior notice of the intended settlement of this account was given by the accounting officers to the defendants.

This suit was brought to April Term, 1854, and was founded on the settlement as made by the officers.

These facts were agreed upon in the nature of a case stated, for the opinion of the court, with liberty to either party to take a writ of error,

The court below (SMYSER, P. J.) delivered the following opinion :—

" This is an attempt by the auditor-general and state treasurer to settle the account of the defendants, pursuant to the 14th section of the Act of 30th March, 1811, entitled 'An act to amend and consolidate the several acts relating to the settlement of the public accounts and the payment of public moneys, and for other purposes.' But the insuperable objection to the proceeding is, that the accounting officers undertook to settle the account by estimating it in the manner authorized by that section, without a *previous* demand upon, or notice to the defendants. The case finds expressly that neither the President and Managers of the Company, nor the receivers appointed under the Act of 12th April, 1851, had such notice. That this is a necessary pre-requisite in all cases, is so clearly determined in the Commonwealth *v.* Fitler's Administrator and others, 12 *Ser. & R.* 277, that I do not deem it necessary to do more than simply refer to that case. It is there decided that the summons or notice to settle the account is required *in all cases*, before the officers of the treasury and accounting department can proceed to adjust it under the section in question. That is *in no case* to be dispensed with—all that is dispensed with is the process to *compel the party* to exhibit his account. Notice not having been given here, the act of the accounting officers was done without authority and creates no obligation. If it were necessary to add anything to the reasoning of Judge GIBSON in the above cited case, it would be found in a previous section of the same act (section 11), which deprives a party who refuses or neglects to exhibit his account to the auditor-general as directed by the act, and whose account is estimated against him agreeably to section 14, of the right of appeal. Now it would be manifestly unjust to conclude a party on the basis of such a settlement, altogether *ex parte* and conjectural as it is, who has never been guilty of any *laches* or neglect of duty, or refusal to perform it—and who has never had any notice. It is argued that in the present case it was the duty of the defendants to have rendered their accounts at stated times ; and that their failure or neglect to do so, brings them within the scope of the arbitrary discretion vested by the 14th section in the accounting department. But the case cited is also decisive against this view of the case. The notice to the party subsequently is of no avail,

[Commonwealth v. Runk.]

inasmuch as the law expressly takes away the right of appeal to correct errors or injustice, and a revision of the account as settled would be entirely discretionary with the officers of the accounting department. As he is thus left without remedy, he ought not to be concluded on the ground of such notice and acquiescence. Having no redress, he could do nothing but acquiesce, and no act of his showing a want of acquiescence could have relieved him.

. " Judgment is entered for defendants, April 23d, 1855."

The Commonwealth sued out this writ, and assigned for error the entering of judgment for the defendants.

*Roberts*, for plaintiff in error.

*Dubois*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—Though the case of the Commonwealth v. Fitler, 12 *Ser. & R.* 277, is said to be in conflict with the uniform practice of the accounting department, yet we are not called upon to criticise or vindicate it here. The difference between a settlement of the moneys collected by a sheriff for the state, and a charge of taxes against a corporation, is so wide, that the principles on which the two transactions proceed must be expected to be very different.

This is a process for charging and enforcing against a corporation the share of taxes which it is bound to pay; and the case of The Bank v. The Commonwealth, 10 *Barr* 412, shows that it was instituted by the proper officers, under the Act of 30th March, 1811. In such a case, certainly, a preliminary notice that the auditorgeneral will proceed to impose the taxes on a given day is not necessary. Notice is given when the tax is imposed, and then an appeal may be taken and heard according to law. Here, no appeal was taken, and of course the tax must be taken to have been rightly imposed.

But the tax is charged against the New Hope Delaware Bridge Company, and this action to collect it is against the defendants below as the receivers of the company under the Act of 12th April, 1851, and the decree of the Chancellor of New Jersey; and the judgment must be so as to be enforced only against the funds that are or ought to be in their hands.

JUDGMENT.—This cause came on to be heard at the last term of this court at Philadelphia, on a writ of error to the judgment of the Common Pleas of Bucks county, and was argued by counsel, and thereupon it is considered and adjudged that the said judgment be re-

versed, and it is further considered that the Commonwealth do recover from the defendants below the sum of nine hundred and ninety dollars, with interest from 24th November, 1853, to be levied, made, and paid out of the effects in their hands belonging to the corporation known by the title of "The President and Managers of the New Hope Delaware Bridge Company," of which they the said defendants are receivers, together with the costs of suit; and the record is remitted.