## COMMONWEALTH v. PENNA. SALT MFG. CO.

APPEALS BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 2, 1891—Decided June 12, 1891.

Where the return of a corporation of its corporate indebtedness, for taxation under § 4, act of June 30, 1885, P. L. 194, fails to show, and on appeal from the official settlement the company does not prove, what part thereof is held by non-residents, it is liable to taxation upon the whole amount: Commonwealth v. Canal Co., 123 Pa. 594; Commonwealth v. Chester City, 123 Pa. 626.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 13, 14 May Term 1891, Sup. Ct.; court below, Nos. 58 March Term 1888, 227 January Term 1889, C. P.

On January 19, 1888, to No. 58 March Term 1888, in the court below, from an account settled by the auditor general and state treasurer against the Pennsylvania Salt Manufacturing Company, for tax on scrip, bonds, and certificates of indebtedness, under § 4, act of June 30, 1885, P. L. 194, for the year ending the first Monday of November, 1887, the company filed an appeal and specifications of objections. Afterward, to No. 227 January Term 1889, from a like settlement made for said tax for the year ending the first Monday of November, 1888, an appeal and specifications of objections were filed, also.

---

* Cf. Commonwealth v. Railroad Co., post, 57.

Decision of Court below.

Said causes having been heard together on a submission to the court, without a jury, under the act of April 22, 1874, P. L. 109, the court, SIMONTON, P. J., on May 1, 1890, filed to No. 58 March Term 1888, the following decision:

FINDINGS OF FACT.

1. Defendant is a Pennsylvania corporation; and for the year ending the first Monday of November, 1887, the nominal value of its total bonded indebtedness was $182,000, and it is charged in the settlement appealed from, with tax on this amount less treasurer's commission.

2. The following is a copy of the report of the indebtedness of defendant, made by its treasurer November 18, 1887:

"PHILADELPHIA, November 16, 1887.

To the Auditor General of Pennsylvania:

In accordance with the provisions of the fourth section of the act of June 30, 1885, and the requirements of your department, as treasurer of the Pennsylvania Salt Manufacturing Company I make the following report of the indebtedness of said company for the year ending first Monday of November, 1887:

| | |
|---|---|
| Nominal value of all scrip, bonds and evidences of indebtedness . . . | $182,000.00 |
| Nominal value of all scrip, bonds and evidences of indebtedness held by non-residents of Pennsylvania . . . . . | Unknown. |
| Nominal value of all scrip, bonds and evidences of indebtedness held by residents of Pennsylvania . . . . . . | Unknown. |

. . . . . . . . . . . . . . . .

TREASURER."

3. This report was accompanied by a protest and statement, that for the reasons set forth therein, the treasurer "has not assessed said indebtedness nor retained any tax."

4. The treasurer of defendant did not, before making said report, make any effort to learn what amount of said indebtedness, if any, was held by non-residents of Pennsylvania, although, by proper effort, he could in many instances have so learned; nor did he deduct any tax or amount from the interest due on any part of said indebtedness. The funds for the payment of the coupons thereof were deposited by defendant in the South-

Decision of Court below.

wark National Bank of Philadelphia, and the coupons which were the evidences of the interest due, were paid by said bank upon their presentation; and it was not instructed to make any inquiries, or to endeavor to ascertain from the persons presenting said coupons for payment, or in any other way, whether the owners and holders of the bonds from which said coupons were detached, were residents or non-residents of Pennsylvania. If such inquiry and efforts had been made, the residences of such owners and holders could, in many instances, have been ascertained. The whole amount of interest due upon said coupons was paid without any deduction.

5. After the report upon which the settlement appealed from is based was made, it was ascertained by the defendant and proved on the trial, and we therefore find, that the fifteen thousand dollars of said indebtedness was, during the period included in said settlement, owned and held by Pennsylvania corporations.

Defendant's counsel contends that, on these facts, defendant is not liable to any tax, because it does not sufficiently appear that any of its indebtedness is due to or held by residents of Pennsylvania. We are unable to assent to this proposition. The treasurer is required by § 4 of the act of 1885, P. L. 194, to report, on oath, the amount of indebtedness of the corporation owned by residents of Pennsylvania, "as nearly as the same can be ascertained," "to assess the tax on the nominal value of each and every evidence of debt," and to deduct the tax from the interest paid thereon.

It has been so repeatedly held that the legislature has the right to impose these duties upon corporations or their officers, and to hold the corporations liable for omission or neglect to perform them, that we need not discuss the question : Commonwealth v. Canal Co., 123 Pa. 618, and the cases there cited. This being so, and the treasurer having refused or neglected to perform the duties, we think the burden of proof is upon the defendant, and as it is not shown that any of the evidences of indebtedness are held by non-residents, we must assume that they are all held by residents.

We have grave doubts whether there is any specification of objection in the appeal, which raises the question of the burden of proof, or of non-liability to tax because of non-residence

of the holders of the evidence of indebtedness, but if there be, the result will not be changed.

We, therefore, reach the following

CONCLUSIONS OF LAW.

1. Defendant having failed to report or to prove that any part of its indebtedness is due to, or any of the evidences of such indebtedness are held by non-residents of Pennsylvania, it is liable to tax upon the whole amount of its indebtedness for the year embraced in the settlement appealed from, except upon the amount of fifteen thousand dollars held and owned by Pennsylvania corporations.

2. On the authority of Commonwealth v. Canal Co., 123 Pa. 594, and Commonwealth v. Chester City, 123 Pa. 626, all the specifications of objections contained in the appeal, except that relating to indebtedness held and owned by Pennsylvania corporations, are overruled, and judgment is directed to be entered against defendant as follows :

\*       \*       \*       \*       \*       \*       \*       \*

Total    .    .    .    .    .    .    .    $629.50

for which amount judgment is directed to be entered, if exceptions be not filed within the time limited by law.

—Judgment was also entered for the Commonwealth in No. 227 January Term 1889.

Exceptions to the decisions filed by the defendant having been argued, the court, SIMONTON, P. J., on June 7, 1890, overruled the same and directed judgments to be entered as ordered in the decisions filed.    Thereupon, the defendant took these appeals, specifying that the court erred :

1. In finding that the corporation had made no effort to discover who were the owners of the bonds claimed to be exempt, as held by persons whose names and places of residence are unknown.

2. In finding that the corporation could in many instances have ascertained the residences of such owners and holders.

3. In finding that a tax was due on those bonds, as to which the corporation claimed that it had made all possible inquiries as to the residences of the owners, and had failed to discover the same.

4. In entering judgment for the commonwealth for a tax on all the bonds of the corporation, except those shown by the

corporation affirmatively to be owned by Pennsylvania corporations.

5. In holding that the burden of proof was on the corporation to show non-residence of owners of bonds whose names and residences were unknown to the treasurer.

*Mr. Jas. W. M. Newlin,* for the appellant.

That the burden of proof as to the unknown bondholders was upon the commonwealth; counsel cited: Hilliard on Taxation, ed. 1875, 109, 505–511; Hurlbut v. Green, 41 Vt. 490; Gregory v. Bugby, 42 Vt. 480; Cooley on Taxation, ed. 1886, 472–480; Desty on Taxation, 865, 941.

*Mr. W. U Hensel,* Attorney General, and *Mr. James A. Stranahan,* Deputy Attorney General, for the Commonwealth, were not heard.

PER CURIAM:

There is nothing in these cases which leads us to doubt the correctness of the findings of fact or conclusions of law of the court below. A discussion of them is not necessary.

Judgments affirmed.