Curtis's Estate.

Argued October 7, 1938.

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. 

*Abraham Wernick,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellant.

*W. Richardson Blair,* with him *Winterstien & Williams* for appellee.

OPINION BY PARKER, J., January 31, 1939:

The city of Philadelphia, on audit of the account of the executors of the estate of Benjamin T. Curtis, presented to the orphans' court a tax claim for delinquent taxes alleged to be due on personal property owned by decedent in his lifetime. The executors had paid to the city the face amount of the taxes with interest at six per cent, leaving in dispute claims by the city of five per cent and seven per cent by way of penalties for delinquency in payment of the taxes. The orphans' court, we conclude, correctly refused to allow the claims for penalties.

Benjamin T. Curtis, a resident of Philadelphia, owned taxable personal property during the years 1931 to 1936,

inclusive, which he failed to return for tax purposes and no assessment was made against him for those years by the assessor of his district or other taxing authority prior to his death on January 20, 1936. His executor, in compliance with the Act of June 17, 1913, P. L. 507, §5, as amended by Act of June 12, 1931, P. L. 544 (72 PS §4844), filed an inventory and appraisement and an affidavit in duplicate setting forth the items liable to a tax for county and city purposes under that act. The city of Philadelphia, on November 16, 1936, gave notice of an intention to assess the estate with personal property taxes for the years 1931 to 1936, inclusive, on the basis of the return of property made by the executors.

Proofs of an actual assessment are, so far as the record shows, anything but clear. The only thing in the record to indicate an assessment is an answer by an employee of the Girard Trust Company, one of the executors, as follows: "And the assessments were put on the statute book—the book of record on January 1, 1937." There is nothing to indicate that an assessment was made by county commissioners, board of revision of taxes, or other corresponding authority in Philadelphia. There is nothing to show just what the assessment covered, if made; that is, whether it was for the face of the taxes or whether it was for the face of the taxes with penalties.

It was shown that the taxes were registered January 6, 1937, as delinquent for each of the years named on the delinquent tax books of the city. It also appears that there were discussions between representatives of the city and the executors as to the face amount of the taxes due, exclusive of any penalties, and that it was not until about March 16, 1937, that the amount of taxes, exclusive of penalties, was finally agreed upon by the city, an amount less than that claimed originally by the city.

The executors, however, conceded that there was due the city the sum of $272.02 with interest at six per cent

per annum, which sum they paid to the city on April 16, 1937. The city claims, in addition, penalties on the face amount of the taxes—five per cent in accordance with the provisions of an ordinance of the city of December 15, 1930, and seven per cent by virtue of Act of April 19, 1883, P. L. 9 (53 PS §4924).

Coming directly to the claim of the city to penalties aggregating twelve per cent, the principles announced in the *Leopold Tax Assessment Case*, 118 Pa. Superior Ct. 158, 179 A. 904, are controlling. As we pointed out in the opinion in that case, the Supreme Court in *Schmuck v. Hartman*, 222 Pa. 190, 195, 70 A. 1091 (decided June 23, 1908), said: "No act of assembly authorizes an assessment of a state tax on personal property after the expiration of the year in which it ought to have been assessed and the taxable ought to have paid it." That was the specific ground upon which the case was decided and is therefore binding upon us as to the state of the law at that time.

The appellant calls our attention to a provision in section 1 of the Act of 1913 (72 PS §4821) that "no failure to assess or return the same shall discharge such owner or holder thereof from liability therefor," but the Act of June 1, 1889, P. L. 420, which the Act of 1913 supplied, contained the identical language and that was the act which the Supreme Court was construing in the Schmuck case. Our attention has not been called to any change in the law in that respect, except such as was made by the amendments of May 13, 1927, P. L. 985, and of June 12, 1931, P. L. 544 (72 PS §4844).

What is the effect of the amendment of 1931? In the Schmuck case Mr. Justice (later Chief Justice) BROWN said (p. 195) : "All taxation is statutory, and, while it is the duty of every citizen to bear his just proportion of the burden of supporting national, state and local government, he cannot be compelled to do so except in a way provided by a statute. Liability to pay taxes arises from no contractual relation between

the taxable and the taxing power, and cannot be enforced by common-law proceedings unless a statute so provides. They can be collected in no other way than that pointed out by the statute, and cannot be collected until they have first been assessed according to the statute." We must, therefore, look to the Act of 1913, as amended by the Act of 1931, for any authority to levy and collect the penalties claimed. Our attention has not been called to any other authority nor by our own researches have we been able to discover any such.

In *Leopold Tax Assessment Case,* supra, (p. 163), we said: "By the amendments to which we have referred, there is another distinct procedure for collecting taxes from those who have theretofore escaped liability which is limited to a period of five years with the additional right to enforce collection either in the orphans' court or by suit at law in any court of competent jurisdiction. In the latter case the amount which is authorized to be collected is 'the balance of the tax which should have been paid together with interest thereon at the rate of six per centum per annum.' If the legislature had intended, in granting this additional remedy to counties, to give them the right to exact penalties of both fifty per cent and interest, they would undoubtedly have said so in unambiguous words. On the contrary, all that is authorized to be collected is the amount which should have been paid with interest. It seems clear to us that the amount which should have been paid was the amount which would have been due after the taxpayer had made his return according to law and the tax had been assessed in the same way."

Just as in the Leopold case, so here the claim is for a penalty not provided for in the amendment and those principles are directly in point here. We have nothing to add to what we said in that case further than to state that by the same process of reasoning employed by appellant the city would have the right to go back twenty years in place of five years, notwithstanding the wording of the amending act.

We find no merit in the contention that these taxes actually became delinquent the year they would have been due and payable had the taxpayer made a voluntary return or the taxing authorities made one for him. As Mr. Justice BROWN pointed out, the taxes could not be collected until they were assessed, consequently they were not delinquent.

The appellant also takes the position that the taxpayer cannot attack the amount of the taxes due in a suit at law or in the orphans' court and that he is confined to an appeal from the assessment, and cites in support of that position *Philadelphia v. Kolb*, 288 Pa. 359, 136 A. 239, and *Stratford v. Franklin Paper Mills Co.*, 257 Pa. 163, 101 A. 349. Our answer to that is that the record does not disclose that any penalties were assessed by the parties authorized to make the assessment and that, if they were not, the taxpayer would not be thereby precluded from making this defense any more than he would be precluded from having determined the exact amount of interest that was due at a particular time.

Decree affirmed at the cost of the appellant.