## Commonwealth v. Kellner et al.

*T. McKeen Chidsey*, Attorney General, and *Morley W. Baker*, Special Deputy Attorney General, for Commonwealth.

*Scholl & Dougherty*, for defendants.

WOODSIDE, J., February 27, 1950.—This case involves the unemployment compensation rate of petitioners for the year 1946. A companion case involves the rate for 1947.

We adopt as our findings of fact the first 26 stipulations of fact filed in this case. We shall recite briefly only those sufficient to an understanding of this opinion.

A contribution rate of 2.7 percent was originally assigned petitioners for the year 1946 on the ground that petitioners lacked sufficient experience to qualify for a lower rate. Upon petition by the taxpayers for review and redetermination by the Bureau of Employment and Unemployment Compensation of the Department of Labor and Industry a revised rate of one percent was assigned it.

A rate of one percent was also assigned petitioners by the department for the year 1947. The reports

were made by petitioners and the unemployment compensation taxes for these years were paid at this rate. Through the failure of the bureau to properly assign benefit wage charges to one of petitioners' predecessors, the rate assigned by the department was erroneous. Had the benefit wage charges been properly assigned to petitioners' predecessor, and the calculation then made according to law the rate would have been 2.7 percent. This the department did not discover until a short time prior to May 21, 1948. On that date the department notified petitioners that their experience factor for the years 1946 and 1947 had been recomputed to include the supplemental charges omitted from the previous computation, and that on the basis of such correction its contribution rate for the years 1946 and 1947 was 2.7 percent.

Upon receiving this notice petitioner filed an application for a review and redetermination of the recomputation by the department. Upon the failure of the department to recompute the recomputation an appeal was properly taken to this court.

The Commonwealth does not claim any fraud or concealment on the part of the taxpayer.

The question is whether under the facts of this case the department could legally revise the rate of petitioner from one percent to 2.7 percent for the year 1946.

Section 301 of the Pennsylvania Unemployment Compensation Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §781, which is here involved, provides as follows:

"(h) The department shall promptly notify each employer of his rate of contributions for the calendar year, determined as provided in this section, and for each calendar quarter when modifications in rates are made in accordance with paragraph (f). The depart-

ment shall furnish each employer with a statement showing the base year wages from such employer of each of his compensated employes; and the benefit year to which such wages relate. The determination of the department shall become conclusive and binding upon the employer, unless within thirty days after the mailing of notice thereof to the employer's last known post office address the employer files an application for review and redetermination, setting forth his reasons therefor. The department may, if it deems the reasons set forth by the employer insufficient to change the rate of contribution, deny the application, otherwise it shall grant the employer a fair hearing. The employer shall be promptly notified of the denial of his application or of the department's redetermination, both of which shall become final and conclusive within thirty days after the mailing of notice thereof to the employer's last known post office address, unless the employer shall appeal by petition from the action of the department to the Court of Common Pleas of Dauphin County within such time."*

It is to be noted that the department attempted here to change the taxpayers' rate of contributions after the period to which it is applicable had passed and after the reports had been filed and the tax appearing to be due from the reports fully paid.

There is no authority in the act for the department to do this.

In Schmuck v. Hartman, 222 Pa. 190 (1908), the court held that if a taxpayer neglects to make a return for a particular year for personal property tax, the taxing authorities cannot, after the expiration of such

---

* The text of the above statute is quoted as it existed in 1946 and 1947. It was extensively amended by the Act of May 26, 1949, P. L. 1854, which has no relevancy to the present case.

year, make an assessment against the taxpayer, when no act of assembly authorizes an assessment after the expiration of the year in which it ought to have been assessed and the taxable ought to have paid it.

The court there said, page 195:

"All taxation is statutory . . . Liability to pay taxes arises from no contractual relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings unless a statute so provides. They can be collected in no other way than that pointed out by the statute . . . For these assessments, upon which he paid taxes each year, the appellants would now substitute reasssessments as a basis for the collection by the commonwealth of a large sum of money from the appellee. For this extraordinary proceeding they must point to some statutory authority, for it can exist nowhere else."

This was quoted with approval in the cases of Allegheny County Personal Property Tax Assessment Cases, 349 Pa. 651, 653 (1944); Curtis' Estate, 134 Pa. Superior Ct. 364, 367 (1938); Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158, 160, 163 (1935). See also Williamson's Estate, 153 Pa. 508 (1893) which was quoted in Schmuck v. Hartman, supra.

The Act of May 26, 1949, P. L. 1854, added to section 301 of the Pennsylvania Unemployment Compensation Act the following paragraph:

"(j) If the department finds that it has erroneously notified an employer that his rate of contribution is less than the rate to which he is entitled, he shall be notified of the revision of his rate and he shall be required to make payment of additional contributions on the basis of the revised rate: Provided, That no such additional contributions shall be required unless the employer is notified of his revised rate not later than one year from the end of the calendar year to

which the rate is applicable, unless the department finds that the employer has directly or indirectly contributed to the error. No interest shall be required to be paid in connection with such additional contributions if they are paid within thirty (30) days from the date that the employer is notified of his revised rate."

The legislature thus supplied the deficiency which had previously existed in the statutory law. Of course this amendment has no application to the case before us. We might note in passing, however, that were it applicable, the 1946 tax rate could not have been changed at the time it was attempted by the department in this case although the 1947 rate could have been.

The Commonwealth has referred us to no case where any governmental unit reassessed and collected a tax under circumstances even remotely analogous to the facts of this case without statutory authority. Nor has our own search revealed any such case. We are therefore of the opinion that without statutory authority the Commonwealth has no right to revise a contribution rate so as to increase the tax at the time and under the circumstances under which it was attempted in this case.

The Commonwealth is here seeking an additional tax to which it must show a clear right. In the case of Vaughn et al. v. Warner et al., (U. S. C. C. A. 3rd Circuit), 157 F.(2d) 26 (1946), the court, in discussing the Pennsylvania Unemployment Compensation Act, stated the following:

"Since the payments provided by the Unemployment Compensation Act are in a nature of an excise tax, every doubt of its application must be resolved in favor of the defendant and against the taxing power. Planters Lumber Co. v. Wells, 147 Miss. 279, 112 So. 9. . . .

"Tax laws are to be construed most strictly against the government and most favorably to the taxpayer, and the citizen cannot be subjected to special burden without clear warrant of law. In re Husband's Estate, 316 Pa. 361, 175 A. 503; In re Arbuckle's Estate, 324 Pa. 501, 188 A. 758. The Court should not impose taxation by a strained construction of doubtful legislation. In re Krause's Estate, 325 Pa. 479, 191 A. 162. It is not enough to show that the absence of tax would work injustice. Commonwealth v. Philadelphia Rapid Transit Co. (287 Pa. 190)."

If the Commonwealth has authority to correct the rate and collect additional taxes after the period has passed for which those taxes were levied, it is difficult to see where the limit could be placed on the redetermination of unemployment compensation tax. If the Commonwealth can go back two years to recompute the tax rate, could it not then go back indefinitely? Considering the large sums involved between the minimum and maximum rate of compensation and the small margin of profit under which many concerns operate, the necessity of having tax liability definitely determined within a reasonable time becomes apparent.

The Commonwealth leans heavily upon the case of Marcus Hook Borough School District v. Board of Assessment and Revision of Taxes et al., 359 Pa. 60 (1948), particularly the statement of the court on page 65 that: "It is the inalienable right of this Board to correct its own errors." This statement must be read in the light of the facts of that case.

There the Marcus Hook School District took exception to the action of the Board for the Assessment and Revision of Taxes in correcting an error it had made which substantially reduced an assessment on real estate after the time for appeal had expired and after the school district had established its annual budget based on the duplicate furnished it.

There are three material ways in which that case differs from the one before us. In the first place, the board has statutory authority ". . . to hear appeals at any subsequent time when they may be in session previous to the payment of the tax and to make such alterations as they might have done on the regular day of appeal. . . ."

In the second place the reassessment was made during the taxing period, to wit: In 1946 for the triennium assessment period of 1946, 1947 and 1948, and the matter was finally disposed of by the board before the tax for 1946 was paid.

In the third place the result of the adjudication was to lower the assessment for the taxpayer and thus decrease his tax. Thus the principle that tax laws are to be construed most strictly against the government and most favorably toward the taxpayer, strengthened the board's right to reassess, while in the case before us it weakens the department's right to recompute.

In California under a statute somewhat similar but also differing in several important aspects the Supreme Court of that State held that the unemployment compensation rate could not be revised upward under circumstances substantially similar to the case before us: Northrop Aircraft, Inc. v. California Employment Stabilization Commission, 32 Cal. (2d) 872, 198 P. (2d) 898 (1948).

### Conclusions of Law

1. Prior to 1949 there was no statutory authority for the Department of Labor and Industry to raise the rate of unemployment compensation by recomputting such rate after the expiration of the year to which it applied as was attempted in this case.

2. Without statutory authority the department has no power to recompute the rate of contribution under the circumstances of this case.

3. The rate of contribution for petitioners for the year 1946 must remain at one percent.

And now, to wit, February 27, 1950, the action of the Department of Labor and Industry, Bureau of Employment and Unemployment Compensation, in revising and redetermining the rate of petitioners' contribution for the year 1946 at 2.7 percent is hereby reversed, and it is hereby ordered and decreed that the merit rating of one percent determined by the department on January 14, 1947, be and is hereby established as the rate of contribution in effect for the year 1946.