Jerome S. Bonnett, Jr., Appellant, v. James B. Murdoch, Esther O. Murdoch, William B. Murdoch, Joan R. Murdoch, David B. Murdock, Mrs. Eleanor Watson, John Murdoch, John W. Bruce, Elgin K. Bruce, George B. Bruce, Mrs. Johnston, John Johnston, Lide Channel, Mrs. Ellen Hollingsmith, Sophia Johnston and Margaret Murdoch, Widow and Devisees of James Murdoch, Deceased.

*Tax lien—Taxation—Sheriff's sale.*

An action of ejectment by the purchasers of land at a tax sale cannot be sustained where the evidence shows that the taxes upon which the sheriff's sale was had were assessed against a person who was not shown to have ever had any interest in or title to the land whatever.

Argued Oct. 26, 1899. Appeal, No. 96, Oct. T., 1899, by plaintiff, from order of C. P. No. 2, Allegheny Co., Jan. T., 1895, No. 810, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Ejectment for land in the twentieth ward of the city of Pittsburg.

The facts appear by the opinion of FRAZER, J., overruling a motion for a new trial, which was as follows:

This was an action of ejectment to recover the possession of two lots of ground situate in the twentieth ward, Pittsburg, fronting fifty feet on Walnut street and extending back in

depth 137 feet to an alley, being lots Nos. 34 and 35 in Murdoch's Plan. At the trial the following facts appeared: In the latter part of the year 1839, William and James Murdoch purchased in fee simple from William McFarland twenty-five acres of land in Peebles township, now twentieth ward, Pittsburg. This land, or a large portion thereof, was afterwards in the year 1869 laid out in lots by the Murdochs; the land in dispute being part of that purchased from William McFarland by the Murdochs, and being lots Nos. 34 and 35. The Murdochs never conveyed these lots to plaintiff or to any one else. The plaintiff, in support of his right to the possession of these lots, offered in evidence a deed of the sheriff of Allegheny county dated March 17, 1883, to plaintiff and S. H. McKee, also deed dated March 12, 1888, of S. H. McKee et ux to plaintiff to McKee's interest therein. The sheriff's deed to McKee and Bonnett was made under a sale by the sheriff of the lots in dispute on a levari facias issued on a judgment obtained by the city of Pittsburg against "Mr. Patterson," for taxes assessed in the name of "Mr. Patterson" by the city against these lots for the years 1877 and 1878, which taxes were not paid and were entered as delinquent under the act of March 22, 1877. Who Mr. Patterson is does not appear by the testimony. He was not called as a witness, nor does it appear how he obtained title to the lots, if he ever had any. One of the city assessors was called and produced the books of his office for 1877 and 1878, showing these lots assessed for taxation for those years in the name of "Mr. Patterson." It was also shown that "John M. Patterson," a broker doing business in this city, signed a petition to councils asking for the improvement of Walnut street. John M. Patterson, although still a resident and doing business here, was not called. The plaintiff's claim is that the taxes for the years 1877 and 1878 having been assessed in the name of Mr. Patterson, and John M. Patterson "having exercised ownership over the lots by signing the petition for the improvement of Walnut street," the sale by the sheriff on the delinquent tax lien carried with it a good title to the property. At the trial we were not satisfied that his contention was justified by the evidence and the law applicable thereto, and directed the jury to return a verdict for the defendants. Since the argument of the motion

for a new trial we have carefully read the testimony and are still of the opinion that the plaintiff failed to make out a case.

The abstracts of title show that the Murdochs were the owners of the lots in 1877 and 1878, presumably they complied with the law and had the property registered in their names in the office of the city engineer as required by the act of 1871. The defendants' abstract alleges that the taxes for 1877 and 1878 were not assessed against the registered owner, and the plaintiff failed to show that they were; if they were not so assessed there could be no valid sale. The burden of proof was on the plaintiff; he must show every element necessary to make a valid sale, and this he failed to do. On the contrary the evidence shows that the taxes upon which the sheriff's sale was had were assessed against a person who was not shown to have ever had any interest in or title to the lots whatever.

Under the facts established by the evidence we are of the opinion that the sheriff's sale of March 17, 1883, conferred no title on the purchasers of the lots in controversy.

And now January 5, 1899, new trial refused.

*Error assigned* was refusal to take off nonsuit.

*John A. Wilson,* for appellant.—No registered owner, other than Mr. Patterson,—that is to say, than John M. Patterson,— was shown on trial of the cause. And a sheriff's sale for taxes otherwise regular, passes a good title, though there be no evidence that the defendants had any interest in the property, save the fact that it was assessed in their name: Reeves v. Alter, 22 W. N. C. 34.

If the name in which the assessment is made has become linked to the land by some known claim of title, it is a source of identification, and will support the assessment: Strauch v. Shoemaker, 1 W. & S. 166; City of Philadelphia v. Miller, 49 Pa. 440; Glass v. Gilbert, 58 Pa. 266; Putnam v. Tyler, 117 Pa. 570; Fisk v. Corey, 141 Pa. 334; Bachop v. Critchlow, 142 Pa. 518; McClements's App., 2 Pa. Superior Ct. 460; Fager v. Campbell, 5 Watts, 287; Safe Dep. & Trust Co. v. Fricke, 152 Pa. 231.

*A. M. Imbrie,* with him *J. R. Sterrett,* for appellees, were not heard.

PER CURIAM, November 6, 1899:

When the plaintiff closed his case in chief the defendants, without offering any evidence, requested the court to instruct the jury that under the evidence before them their verdict should be for the defendants. That instruction was accordingly given, and on the verdict thus directed by the court the judgment was entered.

The single question is whether there was any evidence that should have been submitted to the jury. We are clearly of the opinion that there was not. There was no evidence of a valid assessment, on which to base a lien for taxes, and hence no title passed by the sheriff's sale on the alleged tax lien. In brief, there appears to be nothing in the evidence, relied on by the plaintiff, to warrant a verdict in his favor.

We have not been furnished with either the plaintiff's or the defendants' abstract of title, etc. Presumably these were regarded as unimportant in this case. The better practice, however, is to furnish them in full.

Neither of the specifications of error is sustained.

Judgment affirmed.