# West Reading Borough v. Hinnershitz's Estate

*Paul H. Price*, for plaintiff; *Joseph R. Dickinson* and *Anna Dickinson*, contra.

SCHAEFFER, P. J., January 22, 1935.—This cause came on for trial upon a sci. fa. sur municipal lien, an affidavit of defense and plaintiff's reply. The facts are not in dispute. Mr. Hinnershitz was the owner of a lot of ground upon the north side of Penn Avenue at Front Street in the borough. He leased the lot to lessees who erected a gas or service station thereon. In 1930 the assessor assessed the lot in the name of Mr. Hinnershitz for the sum of $4,000 and also assessed the service station in the name of the lessees, Brossman and Lenhart, nonresidents, in the sum of $800. Mr. Hinnershitz has paid the tax levied by the borough upon his assessment of $4,000, but the tax levied upon the assessment of $800 has not been paid. A lien has been entered for this unpaid tax against the estate of Mr. Hinnershitz, who has since died. The issue is whether such lien is valid.

The improvements upon the land, erected by the tenant, became part of the real estate and, as such, were liable to assessment for tax purposes: Act of April 29, 1844, P. L. 486. If the assessor had assessed the lot with the improvements for the sum of $4,800 against Mr. Hinnershitz, he or the land would have become liable for the payment of the taxes levied on the basis of that

assessment. If he had had any complaint as to the increase of his assessment from $4,000 to $4,800, his only remedy would have been by appeal to the burgess and councilmen, being the corporate officers of said borough: Act of April 3, 1851, P. L. 320, sec. 3. cl. 9, 53 PS §15511. There is no assertion here that the improvements did not become the property of the owner of the land and the presumption is that the owner of the land is also the owner of the structures erected thereon: Guthrie v. Pittsburg Dry Goods Co., 47 Pa. Superior Ct. 384, 401. And if the improvements as well as the land had been assessed as the property of Mr. Hinnershitz, he could not have escaped liability for the tax levied upon the basis of the total assessment by showing a private arrangement between himself and the tenant which would permit the tenant to remove the structures or machinery at the end of the term: Guthrie v. Pittsburg Dry Goods Co., supra.

But here the assessment of $800 is in the name of Brossman and Lenhart, who are shown to have been tenants, and not in the name of Hinnershitz, the owner of the tract. We need not decide whether the assessment against Brossmann and Lenhart sufficiently identified the land owned by Hinnershitz as the land assessed, for the lien must be held to be invalid upon other grounds. The assessment to be valid must "afford the means of identification, either by a description of the land, or by some circumstance, number, or adjoiner associated or connected with it, or by a name connected at some time with a title to the land, good or bad," and in the absence of such identifying circumstances a sale had upon such claim is bad: Philadelphia v. Miller, 49 Pa. 440, 452; Fisk et al. v. Corey et al., 141 Pa. 334, 347; Bonnett v. Murdoch et al., 193 Pa. 527.

In our case, however, the lien must fall because the assessment in question is a second assessment in the same year of the same piece of real estate and therefore bad in that it is based upon no statutory authority. In McCall v. Lorimer, 4 Watts 351, the assessor returned a tract of land as seated and also returned one half of the same tract as unseated. As to this the court said (p. 355) : "for the whole being regularly taxed as seated, the charge on part as unseated, is an addition—it is taxing that part twice in the same year. Now this cannot be done." In East Lampeter Township v. Maignen Filter Plant, 19 Dist. R. 479, the defendant had erected a filtration plant upon land owned by the City of Lancaster. The township assessor assessed the land in the name of the city and the filter equipment upon it in the name of the defendant. The city paid the taxes levied upon the assessment in its name; the defendant did not. After the trial upon a sci. fa. on a lien entered for taxes assessed against the filter company the court said: "It is true that in this case the lien is filed against the plant and the defendant's interest in the land upon which it is erected. The assessor, however, says he only assessed the filter equipment upon the land against the defendant company, and the lien cannot cover anything but what was assessed. But, even though he had included the land in the assessment, it could not be thus made liable for the same tax a second time in the same year, and as the city of Lancaster has already paid the tax on the land, it having been assessed as its property, it cannot be held liable for it again."

We must, therefore, conclude that the action of the trial court in affirming the defendant's point for binding instructions was correct.

And now, to wit, January 22, 1935, the rule to enter judgment n. o. v. for the plaintiff is discharged.