Gordon, Appellant, *v.* Harley et al.

Argued April 12, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*M. H. Davis,* with him *John K. Myers,* for appellant.

*W. P. Geary* and *R. R. Whitmer,* for appellees, did not appear nor file a brief.

434

Opinion by Arnold, J., September 27, 1949:

This action of ejectment for oil and gas rights was tried without a jury by the court below, which entered judgment for the defendants, and plaintiff appealed. Plaintiff stood upon a tax title and possession by the defendants was admitted.

The plaintiff's own evidence showed that Mary J. Harley owned 133 acres of land in Monroe Township, Clarion County. In 1924 she conveyed the same to Anderson, "excepting and reserving all the oil and gas," which the deed stated had been leased to T. W. Phillips, Sons & Co. Anderson conveyed the same 133 acres (surface) to Adam H. Whitmore, excepting and reserving the oil and gas, and with express mention of the oil and gas lease to the T. W. Phillips, Sons & Co.

Whitmore was assessed on the seated list with 158 acres [1] "surface." For non-payment of the 1927 taxes the land was returned and sold by the county treasurer to Woods on August 4, 1930, and the tax deed conveyed "One Fifty Eight (158) acres of land . . . assessed in the name of A. H. Whitmer [sic] (Surface)." Neither the assessment, the return, nor the tax deed professed to affect or convey any rights in the oil and gas, which Whitmore had never owned and with which he had never been assessed. The tax deed to Woods was recorded in May, 1933.

Woods made a quitclaim deed to Whitmore dated April 27, 1933, and promptly recorded, for the 158 acres purchased at the treasurer's sale, "Excepting and reserving all the oil and gas . . . and the right to operate said premises for oil and gas." Whitmore then owned exactly what Mary J. Harley had sold Anderson and what Anderson had sold to him. He had no ·interest

---

[1] The acreage was incorrect. Mary J. Harley originally owned 158 acres, but prior to the Anderson conveyance had deeded 25 acres to another party.

whatever in the oil and gas, which had been excepted and reserved in all the deeds.

In April, 1933, Whitmore conveyed to one Koiko the same 133 acres in Monroe Township, "Excepting and reserving . . . the oil and gas . . . and the right to operate . . .," and the deed expressly mentioned the oil and gas lease on the premises held by T. W. Phillips Sons Gas & Oil Company. The reservation,—actually an exception,—was in the same words as in the deeds from Harley to Anderson and Anderson to Whitmore. In August, 1933, Woods conveyed to Whitmore "all oil and gas rights" in 158 acres, identified in the deed as the same tract which he had acquired by virtue of the tax deed from the county treasurer to him. Since Woods had no right, title or interest in any part of the oil and gas rights, this conveyance was a nullity and Whitmore took nothing under it. In fact Whitmore had no possible right, title or interest in *any* part of the land, surface or subadjacent strata. He had conveyed all that he owned (surface) to Koiko.

In this situation Whitmore's name was no more connected with the title to the oil and gas than if he had taken a deed from any other person who had no title.

In the 1937 triennial assessment Whitmore was apparently assessed on the seated list with the oil and gas rights under 133 acres. A similar assessment was made in 1938. In neither assessment was there any identification by adjoinders. In 1939 a like assessment was made. These taxes being unpaid, the tax collector made a return identifying the 133 acres by adjoinders. On this return, and in 1940, the county treasurer sold to Hanley & Bird, as seated lands, for delinquent taxes of 1937, 1938 and 1939, "Oil and Gas Rights" in 133 acres assessed in the name of Adam H. Whitmore. Hanley & Bird conveyed to the present plaintiff, who is the daughter of this same Adam H. Whitmore.

Obviously the assessment of the oil and gas rights to Whitmore, who had no possible interest in them and whose name was entirely unconnected with the title thereto, could not be the basis for a valid tax sale so that the true owners' real estate was taken from them. A lawyer, searching the title of the oil and gas rights, would find no paper title out of Mary J. Harley or her successors. An examination of the assessment records would show no assessment of the oil and gas in the name of Mary J. Harley or her successors or predecessors in title. At the time of the severance of the oil and gas by the conveyance to Anderson, the searcher would find that Anderson was assessed with the *surface* and not with the oil and gas, so that it was apparent that the assessing authorities knew that the oil and gas had been retained and reserved by Mary J. Harley. The searcher would find no assessment in the name of anybody connected with the title to the oil and gas. A lawyer certainly could not be expected to examine every assessment of oil and gas rights in Monroe Township to determine whether an assessment of a like acreage was made in the name of someone *unconnected* with the title to the oil and gas.

In 1940 and 1941 the oil and gas rights under 133 acres were assessed in the name of "A. H. Whitmer" and returned and sold. The name "Whitmer" is well known in Clarion County, and in fact one of counsel for the defendants in the instant case is the son of another well known lawyer of that county. Since the name "Whitmer" is not idem sonans with "Whitmore" and is unconnected with the title, the assessment, return and sale fail.

While under the statutes it is the duty of the owners of *unseated* lands, there being no personal liability for taxes, to furnish a statement of ownership, etc., to the

county commissioners,[2] no such duty exists on the part of the owner of *seated* lands since personal liability exists. On the contrary, §407 of the Act of 1933, 72 PS §5020-407 (reënactment of the Act of 1911 P. L. 62) provides that seated land is to be assessed in the name of the *owners.* As to unseated lands the assessment has been deemed sufficient if made in the name of some person connected with the title: *Fisk v. Corey,* 141 Pa. 334, 347, 21 A. 594; *W. I. Bachop v. Stephen Critchlow,* 142 Pa. 518, 526, 21 A. 984. In the latter case the Supreme Court stated: "The defendant showed no title whatever. . . . There must be some element of identity in the assessment itself, leading to a knowledge of the land assessed,—a description of the land, or some circumstance, number, or adjoinder, associated or connected with it, or a name connected at some time with a title to the land, good or bad: Philadelphia v. Miller, 49 Pa. 440; Lyman v. Philadelphia, 56 Pa. 488." See also *Humphrey v. Clark,* 359 Pa. 250, 253, 58 A. 2d 836 ; *Hunter v. McKlween et al.,* 361 Pa. 479, 482, 65 A. 2d 366.

Even if the same rule applies to seated assessments so that the assessment is proper if in a name connected at some time with title to the land, good or bad, in the present case the assessment was in the name of a person who had no possible interest in any part of the land, surface or mineral, and therefore fails.

The owner of real estate cannot have it taken away from him by the making of an assessment in the name of somebody whose title is entirely spurious, which assessment gives no notice that the true owner's property is being assessed.

The plaintiff herself proved that Whitmore at *no* time had ever owned the oil and gas, and never had any right, title or interest of any kind therein, and there-

---

[2] The Act of 1806, P. L. 644, 72 PS §5487, repealed by the Act of 1933, P. L. 853, but reënacted in the same Act as §409, 72 PS §5020-409.

438

fore a tax sale on an assessment made in Whitmore's name for that which he *never* owned can convey no title. An action of ejectment by the purchasers of land at a tax sale cannot be sustained where the evidence shows that the taxes upon which the sale was had were assessed against a person who was not shown ever to have had any interest in or title to the land whatever: *Jerome S. Bonnett, Jr. v. James B. Murdoch et al.*, 193 Pa. 527, 45 A. 317.

The court correctly decreed that the tax deeds of the plaintiff were not legally sufficient to sustain her alleged title. Inadvertently it decreed that the defendants had title. Defendants made no claim of title and the order should be modified by striking out the latter finding.

As modified the judgment is affirmed.