UNITED STATES of America

v.

**137.02 ACRES OF LAND, MORE OR LESS, Situate in CENTRE COUNTY, et al.**

Civ. A. No. 10280,
Tract No. 1210.

United States District Court,
M. D. Pennsylvania.

May 5, 1971.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

William W. Litke, Litke, Gettig, Flood & Geiser, Bellefonte, Pa., for defendant Thomas A. Gates.

Austin O. Furst, Bellefonte, Pa., for defendants Evelyn Shultz and Martha Etters Burden.

OPINION

MUIR, District Judge.

In this condemnation action, rival· claims as to the ownership of the land have been asserted by the defendant Thomas Gates and the intervenor defendants Evelyn Shultz and Martha Etters Burden. The relevant facts have been stipulated.

Pearl Leathers acquired the property in 1921. She died intestate 10 years later, survived by a son, William T. Leathers, and a daughter, Evelyn K. Leathers,

now Evelyn K. Shultz. The land was set aside to the two children by order of the Orphans' Court of Centre County, Pennsylvania, in 1936. William T. Leathers died in World War II, intestate, without issue, survived by a widow, now Martha Etters Burden, one of the intervenors, who claims ownership of his interest.

The property was assessed in the name of "Pearl Leathers Estate" from 1933 until 1956.

When the taxes for 1953 were not timely paid, the County Treasurer listed the property for sale and sent a notice of the sale by certified mail. The addressee is not stipulated, but the postal return receipt was executed by the intervenor Shultz. Shortly thereafter the 1953 taxes were paid by W. M. Gates, an occupant of the property and a relative of all three claimants in these proceedings.

The 1954 taxes amounting to $20.68 also became delinquent and the Treasurer of Centre County listed the property for sale in 1956 under the General Tax Sale Law of 1931, P.L. 280, 72 P.S. § 5971a et seq. Notice of the sale addressed to "Pearl Leathers Estate" was sent by certified mail to W. M. Gates, still an occupant of the property and the payor of the 1953 taxes. On July 14, 1956, Mrs. W. M. Gates signed the postal return receipt. No notice was ever mailed by the Treasurer to either of the intervenors.

On August 13, 1956, the property was purchased at the Treasurer's sale by Thomas Gates, the defendant, for the amount of the unpaid taxes plus costs.

Gates recorded his Treasurer's deed on December 7, 1956. The sale was confirmed absolutely on November 13, 1958 by the Court of Common Pleas of Centre County. Thomas Gates entered into possession of the property and paid all subsequent realty taxes thereon. The intervenors never instituted any direct legal action to set aside the tax title.

The first question is whether this court has jurisdiction to determine who owns the land. On point is the case of Clark v. White, 185 F.2d 528 (5th Cir. 1950) where the United States brought condemnation proceedings against Laura Clark, "Clark Heirs" and Mae Woody White. Laura Clark and the others contended that Mae Woody White's deed was void. In ruling that the District Court had the requisite jurisdiction to determine the rights of the parties in the land and the condemnation money substituted for the land, the court said:

> "Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt, and technical considerations ought not to limit it. The Constitution requires that just compensation be made and the statutes charge the district court with seeing that this is done. It cannot be done by paying it to the wrong person."

See also United States v. Certain Parcels of Land, etc., 85 F.Supp. 986 (S.D. Cal.1949).

■ This court has jurisdiction to determine the ownership of the property. Several Pennsylvania statutes are applicable to the question of ownership.

First, the General County Assessment Law of 1933, P.L. 853 § 417, 72 P.S. § 5020–417 permits property to be assessed in the name of a deceased person "so long as the same shall belong to the estate." Here, the property was assessed in the name "Pearl Leathers Estate" from 1931 until 1954, although, in fact, the property was set aside to the surviving children in 1936. Section 407(c) of the General County Assessment Law imposes upon the county assessors an affirmative duty to ascertain the owner or owners of each tract of land in making the triennial assessment. The county assessors breached this obligation by assessing the property under the erroneous ownership of the "Pearl

Leathers Estate" for eighteen years after it was set aside to decedent's children. The assessment was therefore defective. Shafer v. Hansen, 389 Pa. 500, 133 A.2d 538 (1957).

Second, the statute which governed the Treasurer's sale, 1931, P.L. 280, 72 P.S. § 5971a et seq. requires the County Treasurer to serve written notice by registered or certified mail upon the owner of such land, and if the whereabouts of the owner be unknown, to serve such notice upon the terre-tenant, if any.

 It is undisputed in the instant case that no notice was given to the actual owners of the land, i. e. the intervenor defendants. Nor was notice given to the terre-tenant. A terre-tenant under Pennsylvania law is not, as might be supposed, the occupant or possessor of land, but is a grantee of land which is subject to a lien that attached while his grantor had title. Mitchell v. Hamilton, 8 Pa. 486, 491 (1848). Blasi v. Alexander, 195 Pa.Super. 634, 639, 171 A.2d 904 (1961).

The occupant, W. M. Gates, was not a terre-tenant.

 Thus, in this case we have a defective assessment and lack of notice of the sale to the owner or terre-tenant.

The tax title is invalid. Hess v. Westerwick, 366 Pa. 90, 76 A.2d 745 (1950); Shafer v. Hansen, 389 Pa. 500, 133 A.2d 538 (1957).

The intervenor defendants are the legal owners of the land in question.

The parties are directed to submit within 20 days a form of court order consistent with this opinion, specifying the amount to which the defendant Thomas Gates is entitled to be reimbursed under Pennsylvania law out of the condemnation proceeds for taxes, and any other proper expense paid by him.