## Reese v. Moshannon Coal Company

*Carl A. Belin, Jr.*, for plaintiff.
*Winifred H. Jones-Wenger*, for defendant.

REILLY, *P.J.*, November 8, 1977—In the above action to quiet title, none of the said named defendants appeared, and plaintiffs obtained a motion for judgment against them under Pa.R.C.P. 1066. However, Harold C. West has filed an answer and new matter claiming as an assignee of one of the above-named defendants. Plaintiffs have filed preliminary objections in the nature of a demurrer and a motion to strike. Defendant West filed preliminary objections, alleging that plaintiffs have filed a "speaking demurrer."

With regard to defendant's West's preliminary objection raising a question of a "speaking demurrer," this court is satisfied that the preliminary objection must be dismissed. In his answer, defendant West bases his right to title on a tax sale occurring in Clearfield County in 1908. In support of his demurrer, plaintiff pleads that said tax sale involved seated land as opposed to unseated land, that the law pertaining to seated land would apply and that, therefore, there was not a valid tax sale. It is the inclusion of this fact in plaintiff's demurrer to which defendant objects.

Ordinarily, a court may not, on a demurrer, consider matters beyond the pleadings. However, in the instant case, this court is satisfied that plaintiff was merely developing more fully defendant's new

matter by putting the court on notice that the alleged sale was an invalid sale of seated lands. Since defendant averred the existence of the documents constituting a tax sale and relied on them to establish his claims, plaintiffs could properly include the contents of the entire transaction in their demurrer. These documents were, in every sense of the term, factual matters arising out of the transaction averred in defendant's new matter. See St. Peter's Roman Catholic Parish v. Urban Redevelopment Authority of Pittsburgh, 394 Pa. 194, 146 A. 2d 724 (1958); Detweiler v. Hatfield Boro. School Dist., 376 Pa. 555, 104 A. 2d 110 (1954); Satchell v. Insurance Placement Facility of Pennsylvania, 241 Pa. Superior Ct. 287, 361 A. 2d 375 (1976).)

Moreover, since the tax sale is a matter of public record and a part of the official records of Clearfield County, this court could take judicial notice of the existence, and the contents, of said records for purposes of ruling on this demurrer since the sale itself has been plead by defendant. Therefore, this court is satisfied that plaintiffs' demurrer should not be dismissed as a "speaking demurrer."

Finally, the court is faced with plaintiffs' demurrer itself which requests relief for the reason that an alleged tax sale, based upon a seated assessment in the name of a prior owner, some 13 years after the transfer from said prior owner had been recorded, is not a valid tax sale. This issue is governed by the Act of April 13, 1911, P.L. 62, sec. 3, 72 P.S. §5463 (now included in Act of May 22, 1933, P.L. 853, art. IV, sec. 407; September 23, 1961, P.L. 1601, sec. 4, 72 P.S. §5020-407(c)), which places a duty on the chief assessor of Clearfield County to assess seated lands in the name of the current owner. See Gordon v. Harley, 165 Pa. Superior Ct. 433, 68 A. 2d 439

(1949); Bannard v. New York State Natural Gas Corp., 448 Pa. 239, 293 A. 2d 41 (1972); Luther v. Pennsylvania Game Commission, 381 Pa. 442, 113 A. 2d 314 (1955). In the instant case, the seated lands involved were in fact assessed in the name of American Union Coal Company, which had transferred ownership thereof some 13 years prior to the assessment.

Obviously, under the requirements of the statute, the assessment was erroneous. The law as it applies to this situation would appear to be well set forth by the Federal District Court for the Middle District of Pennsylvania in U.S. v. 137.02 Acres of Land, More or Less, Situate in Centre Co., 326 F. Supp. 4 (M.D. Pa. 1971), in which the court held that a tax sale of seated land is invalid where the land is improperly assessed and no written notice by registered or certified mail is served upon the owner or the terre-tenant. In light of the above, it can clearly be seen that the assessment was not in the name of the proper owner, and neither party claims that proper notice was given.

Defendant West sets forth the Act of June 3, 1885, P.L. 71, 72 P.S. §5933, as authority validating the 1908 tax sale. This court is of the opinion that, unless the proper procedure is followed, both as to assessment and sale, an otherwise invalid tax sale cannot be validated simply through the use of this act. See Blair v. Pa. Turnpike Commission, 152 Pa. Superior Ct. 555, 33 A. 2d 490 (1943). It is obvious that the tax title upon which defendant West relies is invalid, and therefore, the demurrer should be sustained.

Whereupon the court entered its order sustaining defendant's demurrer.